UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT MICHAEL AVENDT,

    Petitioner,

v.

BRYAN MORRISON,

    Respondent.

Case No. 2:21-CV-10685
HONORABLE NANCY G. EDMUNDS

_____/

### OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*

Robert Michael Avendt, ("Petitioner"), confined at the Lakeland Correctional Facility in Coldwater, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his convictions for three counts of criminal sexual conduct ("CSC") in the first degree (victim under 13), M.C.L.A. § 750.520b(2)(b), and being a fourth habitual offender, M.C.L.A. § 769.12. For the reasons that follow, the petition for a writ of habeas corpus is DENIED.

### I. Background

Petitioner was convicted following a jury trial in the Oakland County Circuit Court.

This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009):

> Defendant was charged with repeated sexual assaults against the daughter of his live-in girlfriend over a period of years. The complaining witness, CK, testified that the sexual assaults began when she was seven years old and continued until she reported the abuse when she was 14 years old. The

1

assaults included vaginal penile and digital penetration and fellatio.[1] CK's mother, JK, suffered from a variety of physical ailments that made it difficult for her to climb stairs. CK testified that about once per week defendant would come to her second-story bedroom. After turning the shower on in the bathroom next door, and with the rest of the household in bed for the night, he would assault CK, then shower, and return downstairs to her mother.

After approximately seven years, CK disclosed the abuse to a friend, asking the friend not to tell anyone. About six months later, the friend told a school counselor, who contacted JK. The police were notified, and upon investigation, defendant was arrested, tried, and found guilty. Because he was a habitual offender, defendant was sentenced to life without parole.

*People v. Avendt*, No. 332538, 2017 WL 4942802, at *1 (Mich. Ct. App. Oct. 31, 2017).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 501 Mich. 1082, 911 N.W.2d 700 (2018).

Petitioner filed a post-conviction motion for relief from judgment with the trial court, pursuant to M.C.R. 6.500, *et. seq.* The motion was denied. *People v Avendt,* No. 2015-255744 (Oakland Cty. Cir. Ct., Oct. 23, 2019)(ECF No. 12-10). The Michigan appellate courts denied petitioner leave to appeal. *People v. Avendt,* No. 353137 (Mich. Ct. App. May 20, 2021); *lv. den.* 507 Mich. 868, 953 N.W.2d 403 (2021).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Failure to conduct proper MRE 403 analysis before admitting MCLA 768.27a evidence.

II. Defendant-Appellant was denied the effective assistance of counsel.

III. Jury selection was unconstitutional.

IV. Prosecutorial misconduct.

---

[1] CK also testified that, on several occasions, defendant forced anal intercourse on her. (Footnote original).

V. Due process violation for jury not being properly instructed.

VI. The Fourth Habitual Offender status imposed upon the defendant is in violation of the Fourteenth Amendment.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree'

3

on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

### III. Discussion

**A. Claim # 1. The other acts evidence claim.**

Petitioner first claims he was denied a fair trial by the admission of other acts evidence involving sexual assaults on other victims who were minors at the time of the assaults. Petitioner argues that this evidence was not admitted for a proper purpose, but was instead admitted to show that he had a propensity to commit sexual assaults. Petitioner also claims that the evidence was more prejudicial more probative.

The testimony of the prior victims was admitted pursuant to M.C.L.A. § 768.27a, which provides in relevant part that if "the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant." Under M.C.L.A. § 768.27a(2)(a), "listed offense" is defined as any offense that comes within the purview of the offenses covered under Section 2 of the Sex Offenders Registration Act. *See* M.C.L.A. § 28.722. M.C.L.A. § 768.27a is similar to F.R.E. 414(a), which indicates that "[I]n a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant."

It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A federal court is limited in federal habeas review to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. *Id.* Thus, errors

4

in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. *Seymour v. Walker,* 224 F.3d 542, 552 (6th Cir. 2000); *see also Stephenson v. Renico,* 280 F. Supp. 2d 661, 666 (E.D. Mich. 2003).

Petitioner's claim that this evidence should have been excluded under M.R.E. 403 for being more prejudicial than probative does not entitle petitioner to habeas relief. The Sixth Circuit observed that "[t]he Supreme Court has never held (except perhaps within the capital sentencing context) that a state trial court's admission of *relevant* evidence, no matter how prejudicial, amounted to a violation of due process." *Blackmon v. Booker*, 696 F.3d 536, 551 (6th Cir. 2012)(emphasis original). The Michigan Court of Appeals concluded that all of this evidence was relevant under Michigan law for various reasons. *People v. Avendt,* 2017 WL 4942802, at *3–4. This Court must defer to that determination.

Petitioner's claim that the state court violated M.R.E. 404(b) or any other provision of the law by admitting evidence of his prior sexual assaults against other minor victims is non-cognizable on habeas review. *Bey v. Bagley,* 500 F.3d 514, 519 (6th Cir. 2007); *Estelle,* 502 U.S. at 72 (Supreme Court's habeas powers did not permit Court to reverse state court conviction based on their belief that the state trial judge erred in ruling that prior injury evidence was admissible as bad acts evidence under California law); *Dowling v. U.S.*, 493 U.S. 342, 352-53 (1990)(admission at defendant's bank robbery trial of "similar acts" evidence that he had subsequently been involved in a house burglary for which he had been acquitted did not violate due process). The admission of this "prior bad acts" or "other acts" evidence against petitioner at his state trial does not entitle him to habeas relief, because there is no clearly established Supreme Court law which holds

5

that a state violates a habeas petitioner's due process rights by admitting propensity evidence in the form of "prior bad acts" evidence. *See Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir. 2003). Moreover, in light of the fact that evidence regarding petitioner's prior sexual assaults would have been admissible against him in a federal trial under F.R.E. 414, this Court certainly cannot find that the admission of this evidence at petitioner's state court trial "was patently unfair, contradicted governing Supreme Court precedent, or resulted in an incorrect and unreasonable application of federal law." *Love v. Carter*, 49 F. App'x 6, 12 (6th Cir. 2002). Petitioner is not entitled to relief on his first claim.

    **B. Claim # 2. The ineffective assistance of counsel claim.**

Petitioner next contends that he was denied the effective assistance of trial counsel because his trial counsel: (1) failed to investigate all potential witnesses who may have information concerning guilt or innocence, (2) failed to secure an expert to review case, and (3) did not locate any defense witnesses to testify on his behalf. Petitioner raised these claims twice, first on his appeal of right in a supplemental *pro se* appeal brief[2] that petitioner filed in addition to the brief filed by appellate counsel, and secondly, in his post-conviction motion, in which he attempted to augment his original claims by alleging that trial counsel failed to seek a medical expert to refute the State's medical witness, failed to obtain a forensic technician to examine phone messages and social media posts, and failed to hire a DNA expert to refute the DNA evidence offered by the prosecution.

A defendant must satisfy a two-prong test to establish the denial of the effective

---

[2] Standard 4 of Administrative Order 2004-6, 471 Mich. cii (2004), "explicitly provides that a *pro se* brief may be filed within 84 days of the filing of the brief by the appellant's counsel, and may be filed with accompanying motions." *Ware v. Harry,* 636 F. Supp. 2d 574, 594, n. 6 (E.D. Mich. 2008).

assistance of counsel. First, the defendant must show that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. In other words, the defendant must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

A habeas petitioner cannot show deficient performance or prejudice resulting from counsel's failure to investigate if the petitioner does not make some showing of what evidence counsel should have pursued and how such evidence would have been material to his defense. *See Hutchison v. Bell*, 303 F.3d 720, 748 (6th Cir. 2002). Petitioner cannot prevail on his claim that trial counsel was ineffective for failing to adequately prepare the case or conduct an adequate investigation because he has failed to show how additional pretrial work counsel had allegedly been deficient in failing to perform would have been beneficial to his defense. *See Martin v. Mitchell,* 280 F.3d 594, 607-08 (6th Cir. 2002). Petitioner is not entitled to relief on his claims because he failed to provide the Michigan courts on either direct or post-conviction review or this Court with an affidavit from any witnesses concerning their proposed testimony and willingness to testify on his behalf. Conclusory allegations of ineffective assistance of counsel, without any evidentiary

7

support, cannot support a claim for habeas relief. *See Workman v. Bell,* 178 F.3d 759, 771 (6th Cir. 1998). A habeas petitioner's claim that trial counsel was ineffective for failing to call an expert witness cannot be based on speculation. *See Keith v. Mitchell,* 455 F.3d 662, 672 (6th Cir. 2006). In failing to attach any offer of proof or any affidavit sworn by any proposed defense witnesses, petitioner offered, neither to the Michigan courts nor to this Court, any evidence beyond his own assertions as to whether there were witnesses who would have testified favorably for him. Without such proof, petitioner is unable to establish that he was prejudiced by counsel's failure to investigate or to call various witnesses to testify at trial, so as to support the second prong of an ineffective assistance of counsel claim. *See Clark v. Waller,* 490 F.3d 551, 557 (6th Cir. 2007).

Moreover, the United States Supreme Court has held that habeas review under 28 U.S.C. §2254(d) is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Therefore, *Cullen* would preclude the Court from considering any new evidence that petitioner would even want to present at this point in support of his ineffective assistance of trial counsel claims under 28 U.S.C. §2254(d). *Cf. Campbell v. Bradshaw*, 674 F.3d 578, 590, n.3 (6th Cir. 2012)(declining to consider testimony taken in federal evidentiary hearing because it was not part of the state court record). Petitioner presented no evidence to rebut the presumption that counsel's decision to forego investigating or calling certain witnesses was strategic or that the outcome of the trial would have been different had they been called to testify. Petitioner is not entitled to habeas relief on his second claim.

**C. Claim # 3-6. The procedurally defaulted claims.**

Respondent contends that petitioner's remaining claims are procedurally defaulted

for various reasons.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). To be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

The Sixth Circuit indicated that "where a straightforward analysis of settled state procedural default law is possible, federal courts cannot justify bypassing the procedural default issue." *Sheffield v. Burt*, 731 F. App'x 438, 441 (6th Cir. 2018).

Respondent argues that petitioner's third claim that his jury did not represent a fair cross-section of the community is procedurally defaulted because petitioner failed to object to the jury composition at the trial level or otherwise make a factual record and the Michigan Court of Appeals explicitly reviewed the claim for plain error and finding none, rejected the claim. *People v. Avendt*, 2017 WL 4942802, at *5.

9

Michigan law requires defendants in criminal cases to present their claims in the trial courts in order to preserve them for appellate review. *See People v. Carines,* 460 Mich. 750, 761-64; 597 N.W.2d 130 (1999). Petitioner failed to preserve his third claim at the trial court level by objecting; the third claim is procedurally defaulted. The fact that the Michigan Court of Appeals engaged in plain error review of the jury cross-section claim is not a waiver of the state procedural default. *See Seymour v. Walker*, 224 F.3d at 557. Instead, this Court should view the Michigan Court of Appeals' plain error review of the third claim as enforcement of the procedural default. *See Hinkle v. Randle,* 271 F.3d 239, 244 (6th Cir. 2001).

Petitioner has offered no reasons for his failure to preserve his jury composition claim at the trial level. Although ineffective assistance of counsel may constitute cause to excuse a procedural default, that claim itself must be exhausted in the state courts. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Petitioner raised several ineffective assistance of trial counsel claims on his direct appeal and in his post-conviction motion, including a claim on direct appeal that counsel would not allow petitioner to exercise his peremptory challenges (See ECF No. 12-11, PageID.1006), but did not raise a claim that trial counsel was ineffective for failing to object to the jury as empaneled or that the jury failed to represent a cross-section of the community. Because petitioner never raised in the Michigan courts a specific claim about trial counsel's failure to object to the composition of the jury, any alleged ineffectiveness of counsel cannot constitute cause to excuse petitioner's default with respect to his claim. *See Wolfe v. Bock,* 412 F. Supp. 2d 657, 684 (E.D. Mich. 2006). Because petitioner has not demonstrated any cause for his

10

procedural default, it is unnecessary to reach the prejudice issue regarding his third claim. *Smith*, 477 U.S. at 533.

Respondent contends that petitioner's fourth through sixth claims are procedurally defaulted because petitioner raised these claims for the first time in his post-conviction motion and failed to show cause and prejudice for failing to raise these claims in his appeal of right, as required by M.C.R. 6.508(D)(3).

The Michigan Supreme Court rejected petitioner's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Avendt,* 507 Mich. at 868. The Michigan Court of Appeals denied petitioner's post-conviction appeal in a form order "because the defendant failed to establish that the trial court erred in denying the motion for relief from judgment." *People v. Avendt,* No. 353137 (Mich. Ct. App. May 20, 2021)(ECF No. 12-12, PageID.1057).  These orders, however, failed to refer to subsection (D)(3) nor did they mention petitioner's failure to raise his claims on his direct appeal as their rationale for rejecting his post-conviction appeals. Because the form orders in this case are ambiguous as to whether they refer to procedural default or a denial of post-conviction relief on the merits, the orders are unexplained. See *Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010). This Court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of petitioner's claims. *Id.*

The Oakland County Circuit Court judge, in rejecting petitioner's post-conviction claims, stated several times that petitioner failed to show cause and prejudice, as required by M.C.R. 6.508(D)(3), for failing to raise these issues on direct appeal. *People v Avendt,* No. 2015-255744, *2-3 (Oakland Cty. Cir. Ct., Oct. 23, 2019)(ECF No. 12-10,

PageID.851-52). Because the trial court judge denied petitioner post-conviction relief based on the procedural grounds stated in M.C.R. 6.508(D)(3), petitioner's claims are procedurally defaulted pursuant to M.C.R. 6.508(D)(3). *See Ivory v. Jackson,* 509 F.3d 284, 292-93 (6th Cir. 2007).[3]

Petitioner appears to allege ineffective assistance of appellate counsel as cause to excuse his procedural default. However, petitioner has not shown that appellate counsel was ineffective. It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). The United States Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the ... goal of vigorous and effective advocacy.... Nothing in the Constitution or our interpretation of that document requires such a standard.
>
> *Id.* at 463 U.S. at 754.

Moreover, "[A] brief that raises every colorable issue runs the risk of burying good arguments-those that, in the words of the great advocate John W. Davis, 'go for the jugular,'-in a verbal mound made up of strong and weak contentions." *Id.* at 463 U.S. at 753 (citations omitted).

The Supreme Court has subsequently noted that:

> Notwithstanding *Barnes*, it is still possible to bring a *Strickland* claim based on [appellate] counsel's failure to raise a particular claim [on appeal], but it is difficult to demonstrate that counsel was incompetent.

---

[3] Petitioner could not have procedurally defaulted any ineffective assistance of appellate counsel claim, because state post-conviction review was the first opportunity that he had to raise this claim. *See Guilmette,* 624 F.3d at 291. However, for the reasons stated below, petitioner is not entitled to habeas relief on this claim.

12

*Smith v. Robbins,* 528 U.S. 259, 288 (2000).

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. at 536 (quoting *Barnes*, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards,* 281 F.3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," which is defined as an issue which was obvious from the trial record and would have resulted in a reversal on appeal. *See Meade v. Lavigne,* 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Petitioner failed to show that appellate counsel's performance fell outside the wide range of professionally competent assistance by omitting the claims that petitioner raised for the first time in his post-conviction motion for relief from judgment. Appellate counsel filed a thirty-eight page appellate brief which raised the other acts evidence claim that petitioner himself raises as the first claim in his petition, a related claim that trial counsel was ineffective for not objecting when the prosecutor moved to admit the certified copy of petitioner's prior conviction because the trial court had stated at an earlier motion hearing that evidence of the conviction itself would not be allowed, and a related claim that counsel was ineffective for eliciting testimony from CK about the time defendant spent in jail for failing to register as a sex offender.[4] Petitioner has not shown that appellate

---

[4] *See* Defendant-Appellant's Brief on Appeal, ECF No. 12-11, PageID.913-51.

counsel's strategy in presenting these claims and not raising other claims was deficient or unreasonable. Moreover, for the reasons stated by the Assistant Michigan Attorney General in his answer to the petition for a writ of habeas corpus, none of the claims raised by petitioner in his post-conviction motion were "dead bang winners." Because the defaulted claims are not "dead bang winners," petitioner has failed to establish cause for his procedural default of failing to raise these claims on direct review. *See McMeans v. Brigano,* 228 F.3d 674, 682-83 (6th Cir. 2000).

Because these post-conviction claims lack merit, this Court must reject any independent ineffective assistance of appellate counsel claim raised by petitioner. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010).

More importantly, this Court notes that in addition to the appellate brief filed by appellate counsel, petitioner filed a supplemental Standard 4 *pro per* brief on his appeal of right before the Michigan Court of Appeals.[5] Although petitioner raised several claims, he did not raise the claims that the prosecutor committed misconduct by introducing petitioner's prior sexual assaults, that the judge failed to give the jurors a cautionary instruction, that the jury verdict form was defective, or that the habitual offender notice was defective. Petitioner took advantage of the opportunity pursuant to the Michigan Court Rules to file a supplemental appellate brief to raise claims that had not been raised by his appellate counsel, yet failed to include what make up his fourth through sixth claims in his supplemental brief.

Petitioner has offered this Court no explanation why he failed to raise these claims

---

[5] *See* Defendant-Appellant's Standard 4 Brief, ECF 12-11, PageID.1004-17.

in his supplemental *pro per* brief that he filed as part of his direct appeal. Because petitioner has offered no reasons for his failure to include these claims in his supplemental *pro per* brief on his direct appeal, he has failed to establish cause to excuse the default of these claims. *See Rockwell v. Palmer,* 559 F. Supp. 2d 817, 834 (W.D. Mich. 2008) (habeas petitioner did not show any cause for his failure to raise on direct appeal his claim of ineffective assistance of trial counsel, where petitioner had filed two briefs on his own behalf raising other claims that had not been asserted by his appellate counsel, but he offered no explanation for his failure to raise the ineffective assistance claim at the same time); *see also Sheffield v. Burt*, 731 F. App'x at 442 (petitioner failed to show cause under M.C.R. 6.508(D)(3) for failing to raise issues on direct appeal; "[a]nd as the Michigan trial court and the government note, [petitioner] had the opportunity to raise any issues in his Standard 4 brief on direct appeal that he felt his appellate counsel should have raised. He did not raise the issue").

In the present case, petitioner has failed to show cause to excuse his default. Because petitioner has not demonstrated any cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. at 533.

Additionally, petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider his defaulted claims as a ground for a writ of habeas corpus in spite of the procedural default. Because petitioner has not presented any new reliable evidence that he is innocent of the crimes underlying his convictions, a miscarriage of justice will not occur if the Court declined to review petitioner's procedurally defaulted claims.

Finally, assuming that petitioner had established cause for the default of his claims,

15

he would be unable to satisfy the prejudice prong of the exception to the procedural default rule, because his claims would not entitle him to relief. The cause and prejudice exception is conjunctive, requiring proof of both cause and prejudice. *See Matthews v. Ishee,* 486 F.3d 883, 891 (6th Cir. 2007). For the reasons stated by the Assistant Michigan Attorney General in his answer to the petition for a writ of habeas corpus, petitioner failed to show that his procedurally defaulted claims have any merit.

### IV. Conclusion

The petition is denied with prejudice. The Court denies a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court will deny petitioner a certificate of appealability because he has failed

16

to make a substantial showing of the denial of a federal constitutional right. *See Allen v. Stovall*, 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001). The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Id.*

Based upon the foregoing, IT IS ORDERED that (1) the petition for a writ of habeas corpus is DENIED WITH PREJUDICE, (2) A certificate of appealability is DENIED, (3) Petitioner is DENIED leave to appeal *in forma pauperis*.

s/ Nancy G. Edmunds
NANCY G. EDMUNDS
Dated: December 4, 2023         UNITED STATES DISTRICT COURT JUDGE